**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSIAH ENGLISH III,<br><br>                         Plaintiff-Appellant,<br><br>  v.<br><br>HOUSE, First Name Unknown; et al.,<br><br>                    Defendants-Appellees,<br><br> and<br><br>HUGHES, First Name Unknown; et al.,<br><br>                    Defendants. | No. 20-15969<br><br>D.C. No. 2:19-cv-01087-GMS-JZB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

---

       *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Josiah English III appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims arising from the violation of his attorney-client privilege. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed English's action because English failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Polk County v. Dodson*, 454 U.S. 312, 317-19, 325 (1981) (a private attorney or a public defender does not act under color of state law within the meaning of § 1983); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (municipal liability under § 1983 requires execution of policy or custom that inflicts plaintiff's constitutional injury); *Partington v. Gedan*, 961 F.2d 852, 863 (9th Cir. 1992) (attorney-client privilege is not a constitutional right except in the criminal context under the Sixth Amendment; a plaintiff must show that he was "substantially prejudiced").

**AFFIRMED.**